Filed 5/6/14  P. v. Browne CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC WAYNE BROWNE,<br><br>Defendant and Appellant. | B252010<br><br>(Los Angeles County<br>Super. Ct. No. KA101641) |

THE COURT:[*]

Eric Wayne Browne (Browne) appeals his judgment of conviction following his plea of no contest to burglary.  (Pen. Code, § 459.)[1]  In connection with his plea, he admitted a strike under the "Three Strikes" law and admitted that he had suffered a prior prison term.  The trial court sentenced Browne to a three-year eight-month term in state prison, consisting of the 16-month lower term for burglary, which was doubled to 32 months because of the strike prior (§§ 1170.12, subds. (a)-(d), 667, subd. (d)) and then enhanced by one year for the prison term prior (§ 667.5, subd. (b)).  His appointed

---

[*]     ASHMANN-GERST, Acting, P. J., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), raising no issues.  On January 9, 2014, we notified Browne of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he wants us to consider.  He filed an untimely letter, which we accepted.  Upon review of the entire record and consideration of the arguments raised by Browne, we conclude that there are no arguable issues.  We affirm the judgment.

At the preliminary hearing, Frank Frias testified.  He is a loss prevention agent for Home Depot.  On April 21, 2013, he watched Browne buy low-priced items at a self checkout and then, with receipt in hand, walk out of the store with high-priced items for which he did not pay.  Browne was charged with second degree burglary (§ 459) and petty theft (§ 666, subd. (a)).

After Browne entered his plea, he filed an appeal challenging his sentence and the validity of his plea.  Regarding his plea, he claimed that he had received ineffective assistance of counsel because he had not been informed of a prior offer by the prosecutor of a 32-month sentence.  The trial court denied Browne's request for a Certificate of Probable Cause to permit the appeal of the plea.  According to the trial court, the 32-month offer had been made to Browne on the record in open court, and he had rejected it.

On appeal, Browne is limited to challenging errors in the sentence which would not affect the validity of the plea.  (§ 1237.5; Cal. Rules of Court, Rule 8.304(b).)  In his letter, Browne contends:  (1) he received ineffective assistance of counsel based on defense counsel's failure to identify and utilize provisions in the Welfare and Institutions Code pertaining to mental health and addiction; (2) when he chose to represent himself, he was unable to prepare or present an adequate defense because his efforts were sabotaged by unfair procedures; (3) the trial court abused its discretion by denying Browne appropriate funds and resources while he represented himself; (4) the prosecutor engaged in misconduct by withholding and destroying exculpatory evidence; (5) he entered into the no contest plea under duress; (6) he could not research his case because the prosecutor and alleged victim fabricated the elements of the crime; and (7) he has

2

been prejudiced by the judicial system's deliberate omission of reporters' transcripts for hearings at which he represented himself.  Fairly understood, these issues all pertain to the validity of the plea rather than the sentence.  As a consequence, Browne has failed to raise any arguable appellate issues.

After examining the record, we are satisfied that Browne's appellate counsel complied with his responsibilities.  We conclude that Browne has received adequate and effective appellate review of the judgment entered against him by virtue of counsel's compliance with the *Wende* procedure, Browne's submission of a letter, and our review of the record.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

3